**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:20CV-P180-JHM**

**CHRISTOPHER MICHAEL JOHNSON**                                            **PLAINTIFF**

**v.**

**ROY WASHINGTON** *et al.*                                                 **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christopher Michael Johnson filed the instant *pro se* 28 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on an initial review of the amended complaint (DN 9)[1] pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss some of Plaintiff's claims and allow one claim to proceed for further development.

**I. SUMMARY OF ALLEGATIONS**

Plaintiff is a federal pretrial detainee at the Grayson County Detention Center (GCDC). He sues Roy Washington, a GCDC medical provider, and Jason Woosley, the GCDC Jailer, in their individual and official capacities.

Plaintiff asserts that in September 2020 he was placed in GCDC "within the medical care of Roy Washington and the custody of Jason Woosley." He states that in the past he was shot several times and sustained a permanent injury to his left foot. He maintains that he is "unable to place full pressure on my foot due to my injury and this is the cause of me having cronic pain and nerve pain in my foot for the rest of my life." Plaintiff states, "To help decrease the excruciating constant pain I'm having their are pain and nerve damage medications both my orthopedic and neurology doctor's has prescribed for me to have the nerve medication is 1200

---

[1] By prior Order (DN 7), the Court ordered Plaintiff to file an amended complaint on the Court's approved § 1983 complaint form and stated that the amended complaint would supersede the original complaint.

mgs of Gabapentin 3 time's a day." Plaintiff asserts that Defendant Washington has received his medical records and medical requests, but he states, "I'm still being refused my medication. I am being forced to suffer in pain due to Roy Washington's inadequate medical treatment I'm entitled to."

Plaintiff further states, "Jason Woosley is the Jailer. I am within his custody and it is his responsibility to reassure I do receive adequate medical treatment while I'm within his custody." He states that he has exhausted his administrative remedies but that Defendant Woosley "still refuse to anything to help the situation and he keep's allowing it to go on." Plaintiff assert that this is deliberate indifference on the part of both Defendants in violation of the Fourteenth Amendment.

As relief, Plaintiff seeks compensatory damages and injunctive relief.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III. ANALYSIS

#### A. Official-capacity claims

Plaintiff sues Defendants in both their official and individual capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Therefore, the Court construes Plaintiff's official-capacity claims against Defendants as brought against their employer, Grayson County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights,*

*Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that he is being denied medication for pain. However, he does not allege that any action was taken based on a policy or custom of Grayson County. The complaint alleges an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible.").

Accordingly, Plaintiff's official-capacity claims against Defendants will be dismissed for failure to state a claim upon which relief may be granted.

**B. Individual-capacity claim against Defendant Woosley**

To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Plaintiff does not allege that Defendant Woosley was personally involved in denying him medication. He alleges that he is in the custody of

4

Defendant Woosley, as the Jailer, and that Defendant Woosley failed to act on his grievances. The allegations do not amount to personal involvement in alleged unconstitutional conduct to give rise to a claim against Defendant Woosley.

Moreover, to the extent Plaintiff seeks to hold Defendant Woosley liable based on his supervisory authority as Jailer, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). The complaint fails to demonstrate that Defendant Woosley encouraged any specific incidents or implicitly authorized, approved, or knowingly acquiesced in any unconstitutional conduct.

Moreover, the failure to act on Plaintiff's grievances does not subject Defendant Woosley to liability. *See Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) ("[Plaintiff] merely alleged that [the defendant] failed to remedy the situation after he had been informed of the problem via [plaintiff's] grievance. [This] allegation does not state a claim because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory

5

personnel."); *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (quoting *Shehee v. Luttrell*, 199 F.3d at 300).

Accordingly, the individual-capacity claim against Defendant Woosley must be dismissed for failure to state a claim upon which relief may be granted.

### C. Individual-capacity claim against Defendant Washington

Upon review, the Court will allow Plaintiff's Fourteenth Amendment claim for deliberate indifference to his serious medical needs to proceed against Defendant Washington in his individual capacity. In allowing this claim to proceed, the Court passes no judgment upon the merit or ultimate outcome of this action.

### IV.  ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the official-capacity claims against Defendants Washington and Woosley and the individual-capacity claim against Defendant Woosley are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED to terminate Defendant Woosley** as a party to this action.

The Court will enter a separate Order governing the claim which will proceed.

Date:   December 7, 2020

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
      Grayson County Attorney
4414.010