**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CIVIL ACTION NO. 4:20-CV-00180 -JHM**

**CHRISTOPHER MICHAEL JOHNSON**                                                    **PLAINTIFF**

**v.**

**ROY WASHINGTON**                                                                              **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Roy Washington's Motion for Summary Judgment [DN 46]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion for Summary Judgment is **GRANTED**. As such, Washington's Motion to Disallow Plaintiff's Response to Defendant's Motion for Summary Judgment and to Dismiss this Action with Prejudice [DN 50] is **DENIED**.

**I. BACKGROUND**

The Plaintiff, Christopher Michael Johnson ("Johnson"), is a pretrial detainee at the Grayson County Detention Center ("GCDC"). *See* [DN 1]; [46-1 at 6–7]. Prior to his detention, Johnson endured a permanent injury to his left foot. [DN 1 at 2]. This wound renders him partially disabled and causes chronic pain. [*Id.*]. For years he has taken various medications to alleviate his suffering. *See* [DN 9].

Originally, Johnson was detained at the Marion County Jail in Indiana. [DN 46-4]. There, officials provided him with 1200mg of Gabapentin for his foot injury until June 3, 2019. During an evaluation on September 18, 2020, a physician at Eskenazi Health Clinic thought "it would be reasonable to restart [Gabapentin] at this time." [DN 49-2 at 3]. Then, on September 28, officials transferred him to the GCDC. [DN 46-4]. Shortly after his transfer, Johnson requested to visit the

facility doctor and to continue receiving 1200mg of Gabapentin.  [DN 46-5].  Per facility policy, staff first referred him to the Defendant, Roy Washington ("Washington"), a nurse practitioner at the GCDC.  [DN 46-3 at ¶ 6].  Preceding the consultation, Washington received and reviewed Johnson's patient profile from his previous facility; however, he had not yet received Johnson's full medical records.  [DN 46-6]; [DN 46-3 at ¶¶ 9–10].  Although the detention report forwarded to the GCDC listed Gabapentin under the "Medication Required" section, Washington did not find any prescription mentioned in Johnson's profile.  [DN 46-3 at ¶ 10]; [DN 46-7]; [DN 49-4 at 2].

When Johnson met with Washington on October 2, 2020, he immediately demanded Gabapentin.  [DN 46-3 at ¶ 13].  Finding no previous Gabapentin prescription in Johnson's patient profile, Washington denied the request.  [DN 46-3 at ¶ 14].  Instead, he issued a prescription for Naproxen, a pain-relieving drug which Johnson had previously taken at Marion County Jail.  [*Id.*].  No subsequent interactions occurred between the two.  *See* [DN 1].

In his *pro se* Complaint [DN 1] and Amended Complaint [DN 9], Johnson alleges a constitutional violation under 28 U.S.C. § 1983, asserting Washington was deliberately indifferent to his serious medical need by failing to prescribe Gabapentin for his foot injury.  Upon its initial review under 28 U.S.C. § 1915A, the Court dismissed Jason Woosley, the GCDC jailer, as a defendant; it also dismissed only the official capacity claims against Washington and allowed the individual capacity claim to proceed.  [DN 13].

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine

issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

Johnson claims Washington was deliberately indifferent to his medical need by not prescribing him Gabapentin. "[P]retrial detainees have a constitutional right to be free from deliberate indifference to serious medical needs under the Due Process Clause of the Fourteenth Amendment." *Greene v. Crawford Cnty.*, Nos. 20-1715/1741, 2022 WL 34785, at *7 (6th Cir. Jan. 4, 2022). This analysis "has an objective and subjective component." *Id.* (citing *Griffith v. Franklin Cnty.*, 975 F.3d 554, 567 (6th Cir. 2020)). For the objective component, "the plaintiff must show that the medical need is 'sufficiently serious.'" *Brawner*, 14 F.4th at 591 (*Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). For the subjective component, a "pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless

disregard.'"  *Brawner v. Scott Cnty.*, 14 F.4th 585, 596–97 (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)).

Washington concedes Johnson's injury could constitute a sufficiently serious medical need.  But this claim fails on the subjective component.  Johnson admits Washington administered medical treatment when he prescribed Naproxen instead of Gabapentin.  "As a general rule, a patient's disagreement with his physicians over the proper course of treatment . . . is not cognizable under § 1983."  *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2017) ("But a desire for additional or different treatment does not suffice by itself to support a . . . claim.").  All evidence suggested Gabapentin was unnecessary—it was not listed on Johnson's patient profile summary, and a previous physician had only found it "reasonable" to resume the prescription.  *Johnson v. Rita*, No. 4:21-CV-00037, 2021 WL 5912156 (W.D. Ky. Dec. 2021).  Washington recognized Johnson's injuries, read his patient profile summary, and prescribed him with pain-relieving medication.  At no point did he act "recklessly in the face of an unjustifiably high risk of harm . . . ."  *Brawner*, 833 F.3d at 596 (internal quotations omitted).

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Washington's Motion for Summary Judgment [DN 46] is **GRANTED**.  Washington's Motion to Disallow Plaintiff's Response to Defendant's Motion for Summary Judgment and to Dismiss this Action with Prejudice [DN 50] is **DENIED**.  The Court will enter a judgment consistent with this opinion.

Joseph H. McKinley Jr., Senior Judge
United States District Court

January 12, 2022

cc:     Christopher Michael Johnson, *pro se*
        counsel of record

4